**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LOCAL 1336, AMALGAMATED TRANSIT, UNION, AFL-CIO** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:11-cv-1850 (VLB)** |
| **FIRST STUDENT, INC.** | : | |
| **Defendant.** | : | **FEBRUARY 13, 2013** |

**MEMORANDUM OF DECISION GRANTING DEFENDANT'S [Dkt. #28] MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S [Dkt. #27] MOTION FOR SUMMARY JUDGMENT**

**Before the Court are cross-motions for summary judgment filed by the Plaintiff, Local 1336, Amalgamated Transit Union, AFL-CIO, and the Defendant, First Student, Inc., [Dkt. #28]. The Plaintiff filed a Complaint and Motion to Confirm Arbitration Award as to one of Defendant's employees, Mr. Peter Raina ("Raina"), pursuant to the Federal Arbitration Act, 9 U.S.C § 9, and the Connecticut Arbitration Act, C.G.S. § 52-417. The award and dispute which it resolved arose under a collective bargaining agreement between the Plaintiff and Defendant. The Defendant has moved for summary judgment arguing that the Plaintiff seeks relief that goes beyond the scope of the arbitral award. For the reasons stated hereafter, the Court grants Defendant's cross motion for summary judgment and denies Plaintiff's motion for summary judgment.**

**<u>Background and Facts</u>**

**On November 29, 2011, the Plaintiff, Local 1336, Amalgamated Transit Union, AFL-CIO ("Local 1336"), filed its complaint and moved to confirm the arbitration award against First Student, Inc. as to Defendant's employee Mr. Peter Raina. [Dkt. #1, Compl.]. The Plaintiff alleges that Mr. Raina was not awarded a wage step increase in September, 2008 and that Defendant has refused to adjust Mr. Raina's wage rate in accordance with the terms of the November 20, 2010 arbitration award. *Id.* at ¶¶18-19.**

**On June 26, 2012, the Plaintiff filed a motion for summary judgment seeking to enforce the award as to Mr. Raina by ordering that the Defendant adjust Mr. Raina's wage level by increasing it one step and making Mr. Raina whole for the money lost due to the Defendant's refusal to adjust his wage level in September 2008. [Dkt. #27]. The Plaintiff failed to submit a Local Rule 56(a)(1) statement in support of its motion for summary judgment. On June 29, 2012, the Defendant filed a cross-motion for summary judgment arguing that Mr. Raina was not entitled to a step increase under the terms of the award. Defendant therefore contends that the Plaintiff is seeking relief outside the scope of the arbitral award. [Dkt. #28].**

**To date, the Plaintiff has failed to respond to Defendant's cross-motion for summary judgment and has failed to submit a reply in support of its motion for summary judgment. The Federal Rules of Civil Procedure prescribe the Court's duty in cases where a party does not file a response to a summary judgment motion. "I]f a party fails to properly support an assertion of fact or fails to**

**properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials – including the facts considered disputed – show that the movant is entitled to it . . . .". Fed. R. Civ. P. 56(e)(2), (e)(3). In addition, our Local Rules Provide: "Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law. D.Conn.L.Rule 56(a)(3). Accordingly, the Court deems the assertions made in Defendant's Local Rule 56(a)(1) statement as true and admitted. *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 210-211 (2d Cir. 2001) (holding where plaintiff had failed to respond to summary judgment motion, the Court should deem the assertions made in defendant's Rule 56 statement as admitted and then rule on the merits of the summary judgment motion.); *U.S. v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976).**

**The following relevant facts are undisputed unless otherwise noted, including the assertions within Defendant's 56(a)(1) statement which the Court deems admitted. Defendant First Student, Inc. ("First Student") provides transportation services to school districts throughout the United States. [Dkt. #28, Def. Rule 56 (a)(1) Stmt. ¶1]. In 2008, First Student became a party to a**

**contract with the Trumbull Board of Education to provide bus service and transportation for students attending schools in the Trumbull, Connecticut area. *Id.* at ¶2. First Student was also a party to a collective bargaining agreement with Local 1336 effective September 1, 2008 through August 31, 2011. *Id.* at ¶3.**

**Local 1336 was and is the collective bargaining representative of all drivers employed by First Student at its Trumbull, Connecticut location. *Id.* at ¶4. Local 1336 filed a grievance alleging that First Student failed to credit certain drivers hired after February 1, 2008, with the September 1, 2008 wage step increase referenced in Article 21 of the applicable collective bargaining agreement ("CBA"). *Id.* at ¶5. Article 21 of the CBA provides, in relevant part, that "CDL drivers shall advance to a new step on the scale each September 1 of the Agreement or the first day of school, whichever is earlier. To be eligible for such advancement, a driver must have worked at least one (1) day in the previous school year." *Id.* at ¶6.**

**The parties were unable to resolve the grievance, and shortly thereafter the matters were submitted to binding arbitration. *Id.* at ¶7. On November 30, 2010, Arbitrator Marc D. Greenbaum issued an Opinion and Award (the "Arbitration Award") sustaining the Plaintiff's grievance in part and denying it in part. *Id.* at ¶¶8-9. Arbitrator Greenbaum sustained the grievance to the extent that certain employees were not properly placed on the wage scale in the CBA and to the extent, if any, that employees hired after February 1, 2008 did not receive a step increase as of September 1, 2008 and ordered that such employees be made whole. *Id.* at ¶10; see also [Dkt. #1, Ex. C., Award, p. 14]. The arbitral opinion and**

**award identified three specific CDL drivers who were improperly denied the step increase. Raina was not among those drivers identified in the award. [Dkt. #1, Ex. C., Award, p. 9-10].**

**First Student asserts that it hired Peter Raina as a trainee on July 16, 2008. [Dkt. #28, Def. Rule 56 (a)(1) Stmt. ¶11]. First Student did not hire Raina as a "CDL driver" because at the time he did not have a commercial driver's license endorsement ("CDL") that would have permitted him to legally operate a commercial motor vehicle. *Id.* at ¶12. On September 6, 2008, Raina presented to First Student a new driver's license with a CDL endorsement. *Id.* at ¶13. Raina completed his training with First Student on September 24, 2008. *Id.* at ¶14. Upon completion of Raina's First Student training, First Student asserts that he was reclassified from "trainee" to "driver." *Id.* at ¶15.**

**In Plaintiff's motion for summary judgment, it asserts without providing any admissible evidence that Raina was hired on April 18, 2008 but not awarded a wage step increase in September 2008 as required under the award. [Dkt. #27, p. 3]. The Plaintiff further fails to provide any evidence that Raina was hired as a CDL driver and not a trainee. As discussed above, in light of Plaintiff's failure to oppose the Defendant's cross-motion for summary judgment, this Court deems the facts that Raina was hired as a trainee and only classified as a CDL driver after September 1, 2008 as true and admitted.**

**Legal Standard**

**Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment**

**as a matter of law.'" Fed.R.Civ.P. 56(a). The moving party bears the burden of proving that no factual issues exist. *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir.2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.,* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir.2006) (internal quotation marks and citation omitted).**

**"A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch–Rubin v. Sandals Corp.,* No.3:03cv481, 2004 WL 2472280, at *1 (D.Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); *Martinez v. State of Connecticut*, No. 3:09cv1341 (VLB), 2011 WL 4396704 at *6 (D. Conn. Sept. 21, 2011). Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence**

**offered consists of conclusory assertions without further support in the record, summary judgment may lie. *Fincher v. Depository Trust and Clearance Co.*, 604 F.3d 712 (2d Cir. 2010).**

**Analysis**

**Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA"), either party to an arbitration proceeding may move for an order confirming an arbitration award and, thereupon the court "must grant such an order unless the award is vacated, modified or corrected as prescribed n sections 10 and 11 of this title." 9 U.S.C. § 9. The statute governing arbitration awards in the state of Connecticut mirrors the FAA. C.G.S.A. § 52-420. A motion to confirm an arbitration award shall be granted in the absence of any motion to vacate or modify the award. *Amalgamated Transit Union Local 1588 v. Laidlaw Transit, Inc.*, 632 A.2d 713, 715 (Conn. App. 1993).**

**"The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal citations omitted). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). *See also Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp*., 274 F.2d 805, 808 (2d Cir. 1960) (stating that the court's function in confirming or vacating an arbitration award is "severely limited"). The court must confirm the**

**arbitrators' decision "if a ground for the arbitrator['s] decision can be inferred from the facts of the case." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972). "If there is even a barely colorable justification for the outcome reached, the court must confirm the arbitration award." *Standard Microsystems*, 103 F.2d at 12 (internal quotations and citations omitted).**

**In the present case, First Student has not moved to vacate, modify or correct the arbitration award. Instead First Student argues that pursuant to the applicable collective bargaining agreement and arbitral award, Peter Raina was not entitled to a step increase because he did not become a CDL driver at First Student until after September 1, 2008. Consequently, Raina did not work as a driver at least one day in the previous school year to be entitled to the step increase under the terms of the CBA and consequently the arbitral award which enforced the terms of the CBA. First Student therefore argues that the Plaintiff seeks relief that is beyond the scope of the award. Because this Court has accepted as true that Raina was only classified as a CDL driver after September 1, 2008, he does not fall within the category of employees who are entitled to the step increase under the terms of the CBA and arbitral award. The Court therefore agrees that there is no basis to confirm or enforce the award as to Raina.**

**Conclusion**

**For the foregoing reasons, the Court GRANTS Defendant's cross-motion for summary judgment [Dkt. #28] and DENIES Plaintiff's motion for summary judgment [Dkt. #27]. The Clerk is directed to enter judgment in favor of Defendant and close the case.**

**IT IS SO ORDERED.**

**_______/s/__________**
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut February 13, 2013**